UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY BACA,<br><br>               Petitioner,<br><br>        v.<br><br>DERRAL ADAMS, WARDEN,<br><br>               Respondent. | ) CASE NO. ED CV 08-683-MMM (PJW)<br>)<br>) ORDER ACCEPTING, IN PART, REPORT<br>) AND RECOMMENDATION OF UNITED<br>) STATES MAGISTRATE JUDGE AND<br>) GRANTING IN PART AND DENYING IN<br>) PART CERTIFICATE OF APPEALABILITY<br>)<br>) |

    Pursuant to 28 U.S.C. § 636, the court has reviewed the Petition, the records on file, and the Report and Recommendation of United States Magistrate Judge Patrick Walsh and has considered *de novo* the portions of the Report as to which objections have been filed. The court accepts the Magistrate Judge's Report and adopts the conclusions of the Report and Recommendation with the exception of Part V, which the court declines to adopt.

    The court offers the following observations as support for this outcome. First, although Judge Walsh conducted an evidentiary hearing in this case prior to issuance of the Supreme Court's decision in *Cullen v. Pinholster*, ___ U.S. ___, 131 S.Ct. 1388 (2011), he correctly disregarded the evidence adduced at that hearing. See *Gentry v. Sinclair*, 705 F.3d 884, 902 (9th Cir. 2013) ("[A]lthough the district court held an evidentiary hearing related to some of these claims, any

1  evidence that was not part of the state court record is not reviewable
2  under § 2254(d)"); *id.* at 902 n. 8 ("Hicks's evidentiary hearing
3  testimony are not reviewable by this court pursuant to Pinholster").

4      Second, as respects petitioner's ineffective assistance of counsel
5  claim, Judge Walsh concluded that the state court's finding that
6  prejudice did not result from trial counsel's ineffectiveness was
7  entitled to deference.  In adopting that finding, the court emphasizes
8  the highly deferential standard the Supreme Court has directed that
9  federal courts apply in judging such claims.  First, the standard set
10 forth in *Strickland v. Washington*, 466 U.S. 668 (1984), is itself
11 deferential.  "In assessing prejudice under *Strickland*, the question is
12 not whether a court can be certain counsel's performance had no effect
13 on on the outcome or whether it is possible a reasonable doubt might
14 have been established if counsel had acted differently.  Instead,
15 *Strickland* asks whether it is 'reasonably likely' the result would have
16 been different."  *Harrington v. Richter*, ___ U.S. ___, 131 S.Ct. 770,
17 790 (2011).  See also *Walker v. Martel*, 709 F.3d 925, 942 (9th Cir.
18 2013) ("*Strickland* asks whether it is 'reasonably likely' the result
19 would have been different," quoting *Richter*).

20     When the issue of prejudice is reviewed under the Antiterrorism and
21 Effective Death Penalty Act ("AEDPA"), moreover, review is "doubly"
22 deferential.  *Richter*, 131 S.Ct. at 788; *Walker*, 709 F.3d at 941.  As
23 stated by the Supreme Court in *Richter*, the state court's decision must
24 be "so lacking in justification that there was an error well understood
25 and comprehended in existing law beyond any possibility of fairminded
26 disagreement."  *Richter*, 131 S.Ct. at 786-87.  As detailed in the Report
27 and Recommendation, the state court's conclusion concerning prejudice
28 was based on its observation that jailhouse informants, by their very

1 nature, are suspect; on its conclusion that the jury would not have
2 discounted the informant's testimony had it known he received an 11
3 rather than a 14 year sentence; and on its view that the informant knew
4 details about the crime that only petitioner knew and that the informant
5 must thus have learned from petitioner.  While it is possible that not
6 all fairminded jurists would so conclude, the court cannot say that *no*
7 fairminded jurist would agree with this rationale.

8    For similar reasons, the court concurs with Judge Walsh's
9 resolution of the prosecutorial misconduct claim.  Specifically, the
10 court concludes that "fairminded jurists could disagree" as to whether
11 there is a reasonable likelihood that the jury's verdict would have been
12 different had it known Deputy District Attorney Spira testified falsely
13 that the informant had not received a sentence reduction in exchange for
14 his testimony.  *Richter*, 131 S.Ct. at 786 (quoting *Yarborough v.*
15 *Alvarado*, 541 U.S. 652, 664 (2004)).

16    The court finds that, as respects petitioner's claims that he
17 received ineffective assistance of counsel and that the prosecutor
18 committed misconduct by presenting false evidence, petitioner has
19 established that reasonable jurists could find its assessment of the
20 claims debatable.  *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*,
21 537 U.S. 322, 330 (2003).  For this reason, a certificate of
22 appealability as to these claims is GRANTED.

23    As respects petitioner's claims that the prosecutor violated his
24 rights under *Brady v. Maryland*, 373 U.S. 83 (1963), and the
25 Confrontation Clause, petitioner has not made a substantial showing of
26 the denial of a constitutional right; as a consequence, a certificate of
27 appealability as to these claims is DENIED.  *See* Rules Governing Section
28 2254 Cases in the United States District Courts, Rule 11(a); 28 U.S.C.

§ 2253(c)(2); FED. R. APP. PROC. 22(b); *Miller-El*, 537 U.S. at 336.

DATED: June 18, 2013

                                  *Margaret M. Morrow*
                                  MARGARET M. MORROW
                                  UNITED STATES DISTRICT JUDGE

C:\Temp\notesE1EF34\ED08CV00683MMM-ORDER.wpd