1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10   JOHNNY BACA,                    )   CASE NO. ED CV 08-683-MMM (PJW)
                                     )
11             Petitioner,           )   ORDER ACCEPTING, IN PART, REPORT
                                     )   AND RECOMMENDATION OF UNITED
12        v.                         )   STATES MAGISTRATE JUDGE AND
                                     )   GRANTING IN PART AND DENYING IN
13   DERRAL ADAMS, WARDEN,           )   PART CERTIFICATE OF APPEALABILITY
                                     )
14             Respondent.           )
     _____)

15

16        Pursuant to 28 U.S.C. § 636, the court has reviewed the Petition,

17   the records on file, and the Report and Recommendation of United States

18   Magistrate Judge Patrick Walsh and has considered *de novo* the portions

19   of the Report as to which objections have been filed.  The court accepts

20   the Magistrate Judge's Report and adopts the conclusions of the Report

21   and Recommendation with the exception of Part V, which the court

22   declines to adopt.

23        The court offers the following observations as support for this

24   outcome.  First, although Judge Walsh conducted an evidentiary hearing

25   in this case prior to issuance of the Supreme Court's decision in *Cullen

26   v. Pinholster*, ____ U.S. ____, 131 S.Ct. 1388 (2011), he correctly

27   disregarded the evidence adduced at that hearing.  See *Gentry v.

28   Sinclair*, 705 F.3d 884, 902 (9th Cir. 2013) ("[A]lthough the district

     court held an evidentiary hearing related to some of these claims, any

1  evidence that was not part of the state court record is not reviewable
2  under § 2254(d)"); *id.* at 902 n. 8 ("Hicks's evidentiary hearing
3  testimony are not reviewable by this court pursuant to Pinholster").

4      Second, as respects petitioner's ineffective assistance of counsel
5  claim, Judge Walsh concluded that the state court's finding that
6  prejudice did not result from trial counsel's ineffectiveness was
7  entitled to deference.   In adopting that finding, the court emphasizes
8  the highly deferential standard the Supreme Court has directed that
9  federal courts apply in judging such claims.   First, the standard set
10 forth in *Strickland v. Washington*, 466 U.S. 668 (1984), is itself
11 deferential. "In assessing prejudice under *Strickland*, the question is
12 not whether a court can be certain counsel's performance had no effect
13 on on the outcome or whether it is possible a reasonable doubt might
14 have been established if counsel had acted differently.   Instead,
15 *Strickland* asks whether it is 'reasonably likely' the result would have
16 been different." *Harrington v. Richter*, ___ U.S. ___, 131 S.Ct. 770,
17 790 (2011).   See also *Walker v. Martel*, 709 F.3d 925, 942 (9th Cir.
18 2013) ("*Strickland* asks whether it is 'reasonably likely' the result
19 would have been different," quoting *Richter*).

20     When the issue of prejudice is reviewed under the Antiterrorism and
21 Effective Death Penalty Act ("AEDPA"), moreover, review is "doubly"
22 deferential. *Richter*, 131 S.Ct. at 788; *Walker*, 709 F.3d at 941. As
23 stated by the Supreme Court in *Richter*, the state court's decision must
24 be "so lacking in justification that there was an error well understood
25 and comprehended in existing law beyond any possibility of fairminded
26 disagreement." *Richter*, 131 S.Ct. at 786-87. As detailed in the Report
27 and Recommendation, the state court's conclusion concerning prejudice
28 was based on its observation that jailhouse informants, by their very

2

1  nature, are suspect; on its conclusion that the jury would not have

2  discounted the informant's testimony had it known he received an 11

3  rather than a 14 year sentence; and on its view that the informant knew

4  details about the crime that only petitioner knew and that the informant

5  must thus have learned from petitioner.  While it is possible that not

6  all fairminded jurists would so conclude, the court cannot say that *no*

7  fairminded jurist would agree with this rationale.

8       For similar reasons, the court concurs with Judge Walsh's

9  resolution of the prosecutorial misconduct claim.  Specifically, the

10 court concludes that "fairminded jurists could disagree" as to whether

11 there is a reasonable likelihood that the jury's verdict would have been

12 different had it known Deputy District Attorney Spira testified falsely

13 that the informant had not received a sentence reduction in exchange for

14 his testimony.  *Richter*, 131 S.Ct. at 786 (quoting *Yarborough v.*

15 *Alvarado*, 541 U.S. 652, 664 (2004)).

16      The court finds that, as respects petitioner's claims that he

17 received ineffective assistance of counsel and that the prosecutor

18 committed misconduct by presenting false evidence, petitioner has

19 established that reasonable jurists could find its assessment of the

20 claims debatable.  *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*,

21 537 U.S. 322, 330 (2003).  For this reason, a certificate of

22 appealability as to these claims is GRANTED.

23      As respects petitioner's claims that the prosecutor violated his

24 rights under *Brady v. Maryland*, 373 U.S. 83 (1963), and the

25 Confrontation Clause, petitioner has not made a substantial showing of

26 the denial of a constitutional right; as a consequence, a certificate of

27 appealability as to these claims is DENIED.  *See* Rules Governing Section

28 2254 Cases in the United States District Courts, Rule 11(a); 28 U.S.C.

3

1    § 2253(c)(2); Fᴇᴅ. R. Aᴘᴘ. Pʀᴏᴄ. 22(b); *Miller-El*, 537 U.S. at 336.

2

3    DATED: June 18, 2013

4

5

6                                    _____
                                     MARGARET M. MORROW
7                                    UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20    C:\Temp\notesE1EF34\ED08CV00683MMM-ORDER.wpd

21

22

23

24

25

26

27

28

                                    4